UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO ESTUARDO CORONADO SANCHEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NATHAN ALLEN, Warden,<br><br>　　　　　Respondent. | No. 1:19-cv-01380-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. #10]<br><br>[14-DAY OBJECTION DEADLINE] |

　　　　Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed the instant petition on September 27, 2019, challenging his continued detention at Mesa Verde Detention Facility in Bakersfield, California. On December 2, 2019, Respondent filed a motion to dismiss the petition as moot. (Doc. 10.) Petitioner did not file an opposition.

　　　　Petitioner states that an Immigration Judge granted him permission to depart the United States voluntarily on or before September 12, 2019. He alleges that the Bureau of Immigration and Customs Enforcement has continued to detain him without a custody hearing in violation of his due process rights. Respondent states that as Petitioner recently received the relief he sought, a bond hearing before an Immigration Judge, the petition is now moot. Respondent has submitted a copy of the order of the Immigration Judge which reflects that a custody hearing concerning

1

Petitioner's status was held on November 19, 2019. (Doc. 10-1.) According to the order, the Immigration Judge determined that Petitioner posed a danger and flight risk. (Doc. 10-1.) The Immigration Judge denied Petitioner's request for change in custody status and ordered that he be detained without bond. (Doc. 10-1.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Insofar as Petitioner has been granted the relief he sought, Respondent is correct that the instant petition is moot and should be dismissed.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED, and the petition be DISMISSED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling

pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **January 7, 2020**                          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE